The Honorable George Hopkins State Senator P.O. Box 913 Malvern, AR 72104
Dear Senator Hopkins:
This is in response to your request for an opinion on several questions regarding the Hot Spring County Solid Waste Authority and the use of its facilities. Your questions will be answered in the order posed.
Your first question is:
 Whether or not the 5 incorporated municipalities of Hot Spring County should be able to dump or discard rubbish, garbage, or any articles which are allowed to be dumped or discarded by County residents in the Hot Spring County dump facilities.
You state in your request that this question is based upon an Ordinance and Ballot Title reflecting a one cent sales tax imposed upon Hot Spring County residents. Apparently, at the end of 1990, the Hot Spring County Quorum Court passed Ordinance No. 90-25, as amended, authorizing an election to pass a one cent sales tax primarily to fund the cost of operating and maintaining the Hot Spring Solid Waste Authority. The electors of Hot Spring County approved the one cent sales tax at a special election on January 15, 1991. In my opinion, the answer to your first question is not affected by the imposition of this sales tax, unless the cities are members of the Hot Spring County Solid Waste Authority, and have agreed to contribute their share of the sales tax to support this membership.
Your opinion request does not specify whether any of the five municipalities of Hot Spring County are members of the Hot Spring County Solid Waste Authority. It is our understanding, however, that the Hot Spring County Solid Waste Authority was created under the Joint County and Municipal Solid Waste Disposal Act, A.C.A. § 14-233-101 et seq, and that at least one municipality of Hot Spring County is a member of the Authority. The Joint County and Municipal Solid Waste Disposal Act provides an additional and alternative method by which counties and municipalities may provide waste disposal services to their citizens. See A.C.A. § 14-233-103(a) (1987). Another method by which counties can provide solid waste disposal services is to establish their own solid waste management systems and then contract with municipalities to handle their solid waste. See
A.C.A. § 8-6-212 (1987). The Joint County and Municipal Solid Waste Disposal Act appears to contemplate municipalities interested in using an Authority's waste disposal facilities becoming members of the Authority and sharing the responsibility for providing that service with other members.
This intent that municipalities become members of the Authority if they want to use its facilities is indicated by the fact that a municipality may become a member of a Solid Waste Authority even after its creation, upon certain conditions. See A.C.A. §14-233-106(a) (1987). Likewise, municipalities may withdraw from membership in a Solid Waste Authority at any time. A.C.A. §14-233-106(b) (1987). Also indicative of this intent is the language of § 14-233-114(a) and (b), which addresses contracting between the Authority and member municipalities or counties regarding the use of the Authority's various "projects," which includes solid waste facilities. See A.C.A. § 14-233-102(10). Nothing specifically prohibits the Authority from contracting with non-member municipalities for the use of its facilities, but that practice does not appear to be intended by the Act. Thus, it is my opinion that while member municipalities may certainly contract with the Hot Springs County Solid Waste Authority for the use of its waste disposal facilities, any contracting between the Authority and non-member municipalities for the use of those facilities might be successfully challenged.
Your second question is:
 Based upon the limited information you have, who is the legal representative of Hot Spring County Solid Waste Authority? The 7th Judicial District Prosecutor's Office? Or should they be required to obtain their own individual counsel due to the fact they are not under the authority of the Hot Spring County Court or the Quorum Court?
Each county is authorized to appoint by ordinance a county civil attorney to advise county offices in civil matters, a function otherwise performed by prosecuting attorneys. See A.C.A. §16-21-114 (1987). While you have not stated whether Hot Spring County has selected a county civil attorney, your question indicates that the prosecuting attorney still advises the county on civil matters. The Hot Spring County Solid Waste Authority, however, is not a county civil office, nor is it an arm of the county, as indicated by your comment that it is not under the authority of the county court or the quorum court. The law does not specifically provide for legal representation of Solid Waste Authorities. Nevertheless, because the Hot Spring County Solid Waste Authority is composed of both the county and some of its municipalities, it would be best for it to seek independent counsel, rather than relying on the legal representative of the county.
Your third question is:
 Are the 5 incorporated municipalities of Hot Spring County required to remit to the SWA any or all of their proceeds from the sales tax to enable these entities to use the SWA facilities?
Neither the ordinance authorizing the one cent sales tax, nor the ballot title of the measure approved by the voters, requires the municipalities of Hot Spring County to remit their sales tax proceeds to the Solid Waste Authority. Ordinance No. 90-25, as amended, specifically provides:
 (b) As provided by A.C.A. § 26-74-214(b)(2), the per capita share of each municipality located in Hot Spring County shall be received by the Treasurer of each municipality and deposited into the general fund thereof and thereafter appropriated by the municipality's governing body for the following designated purposes:
 (i) As may be appropriated annually to provide for city and/or town needs as may be authorized by law for any city and/or town need as determined by the governing body thereof.
Clearly, the municipalities of Hot Spring County are not required to remit their per capita share of the one cent sales tax to the Hot Spring County Solid Waste Authority. Nevertheless, the Authority may negotiate with member municipalities for their sales tax proceeds or a portion thereof in exchange for the use of its waste disposal facilities. See A.C.A. § 14-233-114(c) (1987).[1] The governing body of the member municipality may determine that this is a need of the municipality in accordance with this ordinance and contribute its sales tax proceeds in exchange for use of the Authority's facilities. As the Act does not appear to contemplate the Authority contracting with non-member municipalities for the use of its waste disposal facilities, non-member municipalities would not be advised to contribute their sales tax proceeds for that purpose. Of course any city can decide to provide its own municipal solid waste management system. A.C.A. § 8-6-211.
Your fourth and final question is:
 If the 5 incorporated municipalities of Hot Spring County choose not to remit any or all of their sales tax proceeds, then what is their rights concerning use of SWA facilities?
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
[1] This seems likely to occur, in light of the fact that Ordinance No. 90-25, authorizing the one cent sales tax, repealed two prior ordinances imposing user fees for the Authority's facilities.
The Authority appears to have sole discretion in determining who may use its facilities. If the Authority decides to require of its members a contribution of sales tax proceeds for the use of its waste disposal facilities, and a member municipality chooses not to contribute those proceeds to the Authority, then the municipality may be denied permission to use the Authority's facilities, unless the parties are able to negotiate otherwise. Again, it is my opinion that the Act does not contemplate non-member municipalities contracting with the Authority for the use of its facilities.